By the Court, Robertson, Ch. J.
This was an action against two railroad companies to recover damages for an injury to the plaintiff produced by the joint negligence of their servants. She was a passenger at the time on one of them, (the Tenth Avenue Railroad Co.,) which was a city car drawn by horses merely. On the trial the court, in substance, charged the jury, that the defendants were jointly responsible, if they were both guilty of concurring negligence, and so the jury found. That charge was made pursuant' to the decisions of the Court of Appeals in Chapman v. New Haven R. R Co. (19 N. Y. Rep. 341,) and Colegrove v. N. Y. and New Haven R. R. Co. (20 id. 492.) But I understand the decision in the subsequent case of Brown v. N. Y. Central R. R. Co. (32 N. Y. Rep. 597,) to have in a great measure overruled those decisions. The *550 plaintiff in that case was riding In a public stage and received the injury by its collision with a car of the defendants, at a place where the public highway, on which she was traveling, crossed the railroad. A nonsuit was moved for on the trial, among other grounds, because the evidence showed that the driver of the stage “ who was employed by the plaintiff, was himself negligent, and his negligence contributed to produce the injury.” “ The court charged the jury that the negligence of the driver must be regarded as the negligence of the plaintiff, (p. 602;) that he represented her, and that she could not recover in this action if his negligence contributed to produce the injury.” The jury found a verdict, upon which judgment was entered, and an appeal taken therefrom. The learned judge (Davis) who delivered the opinion of the .appellate court (Court of Appeals,) after referring to the two cases before cited, (ubi sup.) said: “I do not perceive why these cases do not dispose of the question as to the negligence of the driver, in this case. The plaintiff was a passenger in a public stage. She had no control of its management or direction, and occupied no relation to the driver different from that which passengers occupy to any public carrier of persons. In principle there is no difference whatever between her relation to the carrier and that of a passenger on a train of railroad cars. The difference is one of fact merely, growing out of the difference of motive power and the corresponding necessity for more stringent rules and greater vigilance in one case than in the other. But a majority of the judges are of opinion that the true rule in a case of this hind was laid down at the circuit. It becomes necessary, therefore, to consider the case in the same aspect in which it was presented at the trial. It is not pretended that there was any fault or want of care on the part of the plaintiff herself. And it seems to me there was no error in submitting the question of the driver’s negligence to the jury.” After discussing the evidence and the facts proved as to such driver’s conduct, the learned judge concluded by saying: “It was no *551 error therefore to leave it to the jury to say whether under all the circumstances the driver was negligent in attempting to escape by crossing the-track.” Four judges, (Davis, Wright, Porter and Brown,) concurred in affirming the judgment in the court below. Two dissented, (Davis and Campbell,) and one, (Potter,) took no part in the decision. This was clearly an announcement of the principle adopted by the court; that in such a case as that before it, at all events, the general rule, if any, adopted in the two previous cases referred to in it would not control. One of those cases (Chapman v. New Haven R. R. Co., ubi sup.) in order to sustain the decision in it, was distinguished from that of Thorogood v. Bryan, (8 Com. B. R. 115,) cited in it, simply because, besides having no control over the train in which he was riding, the plaintiff had no choice except to go by that railroad or none. In. the case of Thorogood v. Bryan, the action was brought by a passenger in one omnibus against the proprietor of another, for a collision by which he was injured. The jury were instructed that if they thought want of care on the plaintiff’s part, or on the part of the driver, had been conducive to the injury, no recovery could be had. That ruling was maintained on a motion for a new trial, and exceptions. In that case the prior one of Bridge v. Grand Junction Railway Co. (3 Mees. & Wels. 244,) was referred to as supporting the decision. That was an action by a passenger in one railway train against another railway company for a collision by one of the trains of the latter with the former, by which such passenger was injured. A plea was interposed that the managers of the train in which the plaintiff Was, managed it so negligently and improperly, that the injury was caused, in part, by their negligence. Judgment was given for the plaintiff, on demurrer to such plea, because, if good in substance, it was merely a plea of not guilty, and it was bad in substance, because it did not allege that the plaintiff could, with ordinary care, have avoided the consequences of the defendants’ negligence; a very nice distinction, but repeated and adopted in the subsequent *552 case of Davies v. Mann, (10 Mees. & Wels. 546.) The principle, however, is clearly recognized in Bridge v. Grand Junction Railway Co. that the want of ordinary care, by a train in which a passenger is carried, in avoiding the consequences of the negligence of the other colliding railway train, defeats any right of action on his part.
In the case of Colegrove v. N. Y. and N. H. R. R. Co., (ubi sup.) Denio, J. who joined in the decision in Brown v. JY. Y. Q. R R. Qo., (ubi sup.) dissented, upon the ground that a joint action was not maintainable, and two other judges (Grover and Strong) dissented because another question, as to the plaintiff’s negligence, should have been submitted to the jury. One of the judges (Davies) who joined in the decision in the first named case, was one of the dissentients in the last. The authority of the first, therefore, is weakened, and that of the last strengthened by such change of position. The first case went up from this court, and is reported in Duer’s Reports, (vol. 6, p. 492,) where the decision was mainly put upon the ground that a concurring want óf care being a joint contribution to a common result, is equivalent to concert of action. I think, however, that the case of Brown v. N. Y. C. R. R. Co., before referred to, rejects that principle, and not without reason, for the degree of control exercisable by the party injured over the vehicle in which he is transported, cannot well be measured or apportioned. If he drives, himself, and is guilty of negligence, he clearly could not recover. If he was driven by a hired servant of his own, there would be no more ground for a recovery, or even if in a vehicle driven by the servant of another, of which he had hired the use ; and so we may proceed to public stages and railway cars, drawn by horses or propelled by steam. Where can the line be drawn ? The true reason for the responsibility of the proprietors of any vehicle, on a public road, for any injury by their negligence to travelers upon it, by other means or vehicles, differs somewhat from that for their liability to those transported by themselves. In the latter a contract is mingled; *553 in the former it arises entirely from a breach of a public duty. And that is, that such owners shall conduct the use of their vehicles with such care as not to injure any person, who, as well as his agents, uses due care to avoid the consequences of the negligence of the former, (as expressed in the English law,) or (in ours) are not guilty of negligence. \ When a person commits himself to the care of the employees of a carrier of passengers, to be transported any where, he makes them his agents, so far as the use of care to avoid the consequences to him of the negligence of the conductors of any other vehicle on the road, is concerned. Even a party guilty of negligence himself is, in reference to the degree of care he is bound to use, entitled to rely on the obligation of others to use ordinary care to avoid the consequences of his negligence, when threatened by it with injury, and is exempted from liability for the effect of a failure by others to discharge their duty in that respect. And that should extend not only to the parties themselves, so failing in such duty, but those who have relied on the exercise of such a degree of care on their part as to delegate to them the power of producing or preventing injury to them by such negligence.
If the distinction between the two earlier cases in Hew York reports and the last one, which seems to be hinted at by Judge Davis when he speaks of “ a case of this kind,” be that in the last, the plaintiff was in a vehicle drawn by horses, and not by so dangerous a power as steam, that was also the case in this action, and she comes within the reason given in Chapman v. N. H. R. R. Co. (ubi sup.) that she had other means of traveling on the Tenth avenue besides that adopted by her. Following the decision in those cases, I think the judgment in this case should be reversed, and a new trial had, with costs to abide the event.